UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KISHORE JAYAKUMAR

Plaintiff(s),

Case No. 1:26-cv-11779

vs.

MICHIGAN HEALTH CLINICS, P.C., DAVID STOCKMAN, MAGDALENA PEREZ, and BRIAN HART

Defendant(s).

_______________________________________/

Judge HON. MICHAEL C. MARTIN
MAG. JUDGE PATRICIA T. MORRIS

**TITLE OF DOCUMENT**

ORDER DIRECTING PARTIES TO REFILE PLEADINGS

**Document Text**

Date: 11-05-2026

_______________________
Signature of Filer

BRIAN P. HART
Printed Name

3684 LAMPLIGHTER DR.
Street Address

SAGINAW, MI 48603
City, State, Zip Code

(989) 213-4293
Telephone Number

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**KISHORE JAYAKUMAR,**
1210 Massachusetts Ave. NW
Apt. 710
Washington, DC 20005,
Plaintiff,

Civil Action No. 1:24-cv-01842-ABI

v

**MICHIGAN HEALTH CLINICS, P.C. d/b/a MI HEALTH CLINIC d/b/a MICHIGAN HEALTH CLINIC d/b/a/ MICHIGAN HEALTH CLINICS d/b/a MICHIGAN SKIN CLINIC d/b/a MICHIGAN SKIN CLINICS,**
3925 Fortune Boulevard
Saginaw, MI 48603

**DAVID STOCKMAN**
5775 McCarty Road
Saginaw, MI 48603

**MAGDALENA PEREZ**
4355 Augustine St.,
Saginaw, MI 48648

**BRIAN HART**
3684 Lamplighter Dr.,
Saginaw, MI 48603

Defendants

---

## DEFENDANT BRIAN HART'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Brian Hart, as pro se defendant, for its Answer to Plaintiff's Amended Complaint, provides as follows:

## I. INTRODUCTION

1. Defendant Hart denies this allegation as to himself as it is untrue and unsupported in fact and law

2. Defendant Hart denies this allegation as to himself as it is untrue and unsupported in fact and law. Defendant Hart affirmatively avers that this case is wrongfully filed in this Court as all of the Defendants are residents of Michigan, the contract was drawn in Michigan, all of the patients allegedly serviced by the Plaintiff were in Michigan when the "remote" service was provided by the Plaintiff, and pursuant to the very employment contract at issue (Paragraph 13 of Exhibit 1, attached to the Plaintiff's Complaint) the law of the State of Michigan governs any and all dispute under the contract. The Defendant will file a Motion to remove the matter to the proper Court in Michigan.

## I. JURISDICTION AND VENUE

3. Defendant Hart denies this allegation as the Complaint was wrongfully filed in this Court when by the terms of the Contract at issue, and also under the doctrine of forum non-conveniens, the case must properly be filed in Michigan, Plaintiff is left to his proofs.

4. Defendant Hart denies this allegation as the Complaint was wrongfully filed in this Court when by the terms of the Contract at issue, and also under the doctrine of forum non-conveniens, the case must properly be filed in Michigan, Plaintiff is left to his proofs.

## II. PARTIES

5. Defendant Hart neither admits nor denies this allegation for lack of knowledge, Plaintiff is left to his proofs.

6. Defendant Hart admits this allegation relating to Defendant Michigan Health Clinics, P.C. as true.
7. Defendant Hart admits this allegation relating to Defendant David Stockman as true.
8. Defendant Hart denies this allegation which is untrue and unsupported in fact and law.
9. Defendant Hart neither admits nor denies this allegation as it relates solely to another Defendant.

**FACTUAL ALLEGATIONS**

10. Defendant Hart denies this allegation which is untrue and unsupported in fact and law.
11. Defendant Hart neither admits nor denies this allegation as it relates solely to another Defendant.
12. Defendant Hart neither admits nor denies this allegation as it relates solely to another Defendant.
13. Defendant Hart neither admits nor denies this allegation as it relates solely to another Defendant.
14. Defendant Hart denies this allegation as to himself as it is untrue and unsupported in fact and law.
15. Defendant Hart lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.
16. Defendant Hart lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

17. Defendant Hart lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.
18. Defendant Hart lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.
19. Defendant Hart denies this allegation as to himself as it is untrue and unsupported in fact and law.
20. Defendant Hart denies this allegation as it is untrue, the patients served were all in Michigan, and the contract between the parties mandates that Michigan law shall govern any and all disputes.
21. Defendant Hart lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.
22. Defendant Hart denies this allegation as to himself as it is untrue and unsupported in fact and law.
23. Defendant Hart neither admits nor denies this allegation for lack of knowledge.
24. Defendant Hart denies this allegation which is untrue and unsupported in fact and law.
25. Defendant Hart denies this allegation as to himself as it is untrue and unsupported in fact and law.
26. Defendant Hart denies this allegation as to himself as it is untrue and unsupported in fact and law.
27. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant.

28. Defendant Hart denies this allegation as to himself as it is untrue and unsupported in fact and law.
29. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate defendant.
30. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate defendant.
31. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate defendant.
32. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate defendant.
33. Defendant Hart denies this allegation which is untrue and unsupported in fact and law.
34. Defendant Hart denies this allegation, as stated, which is untrue and unsupported in fact and law.
35. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate defendant.
36. Defendant Hart denies the allegations, as stated, as untrue, Plaintiff being left to his Strict Proofs.
37. Defendant Hart denies the allegations, as stated, as untrue, Plaintiff being left to his Strict Proofs.
38. Defendant Hart denies this allegation as to himself as it is untrue and unsupported in fact and law.

39. Defendant Hart denies this allegation as to himself as it is untrue and unsupported in fact and law.

40. Defendant Hart lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

41. Defendant Hart lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

42. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant.

43. Defendant Hart denies this allegation as to himself as it is untrue and unsupported in fact and law.

44. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant.

45. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant.

46. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant.

47. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant.

48. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant.

49. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant.

50. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant.

51. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant.

52. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant.

53. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant.

54. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant

55. Defendant Hart neither admits nor denies this allegation as it pertains wholly to a separate Defendant.

56. Defendant Hart denies this allegation, as stated, as being untrue, Plaintiff being left to His Proofs.

57. Defendant Hart denies this allegation, as stated, as being untrue and unsupported in fact and law.

58. Defendant Hart denies this allegation which is untrue and unsupported in fact and law.

59. Defendant Hart denies this allegation which is untrue and unsupported in fact and law.

60. Defendant Hart admits this allegation relating to Defendant Hart taking over Defendant Perez's job duties in or about March of 2024.

61. Defendant Hart denies this allegation which is untrue and unsupported in fact and law.
62. Defendant Hart denies this allegation as to himself which is untrue and unsupported in fact and law.
63. Defendant Hart denies this allegation as to himself which is untrue and unsupported in fact and law.
64. Defendant Hart denies this allegation as to himself which is untrue and unsupported in fact and law.
65. Defendant Hart denies this allegation as to himself which is untrue and unsupported in fact and law.
66. Defendant Hart denies this allegation as to himself which is untrue and unsupported in fact and law.

**COUNT 1: FAILURE TO PAY WAGES UNDER THE DCWPCL (ALL DEFENDANTS)**

67. Defendant Hart incorporates the forgoing paragraphs as if fully restated herein.
68. Defendant Hart denies this allegation as to himself which is untrue and unsupported in fact and law.
69. Defendant Hart denies this allegation as to himself which is untrue and unsupported in fact and law, and further avers that DCWPCL_ D.C. Code $ 32-1301(IB) does not apply to this case as previously alleged above.
70. Defendant Hart denies this allegation is this case as being unsupported in fact and law.

71. Defendant Hart denies this allegation as to himself which is untrue and unsupported in fact and law.

72. Defendant Hart denies this allegation as to himself as untrue and unsupported in fact and law.

73. Defendant Hart denies this allegation as to himself which is untrue and unsupported in fact and law, and further avers that DCWPCL_ D.C. Code $ 32-1301(lB) does not apply to this case as previously alleged above.

**COUNT 2: BREACH OF CONTRACT (ALL DEFENDANTS)**

74. Defendant Hart incorporates the foregoing paragraphs as if fully restated herein.

75. Defendant Hart denies this allegation as to himself as untrue and unsupported in fact and law.

76. Defendant Hart lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted.

77. Defendant Hart lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted.

78. Defendant Hart denies this allegation as to himself as untrue and unsupported in fact and law.

79. Defendant Hart denies this allegation as to himself as untrue and unsupported in fact and law.

**COUNT 3: FRAUD (ALL DEFENDANTS)**

80. Defendant Hart incorporates the foregoing paragraphs as if fully restated herein.

81. Defendant Hart denies this allegation as to himself as untrue and unsupported in fact and law.

82. Defendant Hart denies this allegation as to himself as untrue and unsupported in fact and law.
83. Defendant Hart denies this allegation as to himself as untrue and unsupported in fact and law.
84. Defendant Hart denies this allegation as to himself as untrue and unsupported in fact and law.
85. Defendant Hart denies this allegation which is untrue and unsupported in fact and law.
86. Defendant Hart denies this allegation as to himself as untrue and unsupported in fact and law.

WHEREFORE, the Defendant Brian Hart prays for a finding of the Court in his favor and the entry of a Judgment in his favor together with cost and attorneys fees to be taxed.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint is wrongfully filed in this Court as all of the Defendants are residents of Michigan, the contract was drawn in Michigan, all of the patients allegedly serviced by the Plaintiff were in Michigan when the "remote" service was provided by the Plaintiff, and pursuant to the very employment contract at issue (Paragraph 13 of Exhibit 1, attached to the Plaintiff's Complaint) the law of the State of Michigan governs any and all dispute under the contract. The Defendant will file a Motion to remove the matter to the proper Court in Michigan.
2. Based upon information and belief, including facts set forth in Defendant David Stockman's Emergency Motion to Strike, Transfer, and/or Dismiss Plaintiff's Amended Complaint in its Entirety, venue in the United States District Court for the District of

Columbia is improper as to Defendant Brian Hart as Plaintiff primarily performed his work in person in Virginia and not from an office located in the District of Columbia. A substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in the District of Columbia.

3. This defendant relies on and incorporates all Motions currently pending before the Court and filed by another Defendant, specifically Defendant Stockman's Emergency Motion, Document 20.
4. Defendant Hart, as an employee of Michigan Health Clinics, had no active role in the solicitation of, hiring, supervising or compensation of the Plaintiff.
5. Defendant Hart was not Plaintiff's 'employer' within the meaning of the District of Columbia Wage Payment and Collection Law. Plaintiff fails to allege facts establishing that Hart exercised the requisite operational control over Plaintiff's wages, payroll practices, or compensation decisions necessary to impose individual liability under the DCWPCL.
6. Plaintiff's claims seek to improperly impose personal liability on Defendant Hart for alleged acts or omissions of Defendant Michigan Health Clinics, P.C., as Defendant Hart was a corporate employee acting within the scope of his employment and is not personally liable for the corporation's contractual or wage obligations absent a legally sufficient basis for piercing the corporate veil.
7. Plaintiff fails to plead facts sufficient under Federal Law to pierce the corporate veil as to this Defendant. Plaintiff has not plausibly alleged that:
    a. Defendant Michigan Health Clinics, P.C. was a mere instrumentality of Defendant Hart personally;

b. Defendant Hart used the corporate form to commit fraud or a wrongful act; or

c. Any misuse of the corporate form by Defendant Hart caused an unjust injury to Plaintiff.

8. Defendant Hart was not a party to Plaintiff's Employment Agreement, therefore Plaintiff's breach of contract claim fails as to Defendant Hart because there is no contractual privity, and Federal law does not permit personal liability for corporate contracts absent veil piercing, which has not been adequately pleaded.

9. Plaintiff's fraud claim fails to satisfy Federal Rule of Civil Procedure 9(b) as to this Defendant, as Plaintiff does not plead with particularity any actionable misrepresentation specifically by Defendant Hart, fails to allege facts supporting fraudulent intent at the time of any alleged statement, and fails to plead justifiable reliance or causation as to Defendant Hart.

10. Any alleged statements attributable to Defendant Hart constitute non-actionable statements of future intent, operational updates, or expressions of expectations, and do not constitute material misrepresentations of existing fact under applicable law.

11. Defendant Hart acted at all times in good faith and without intent to deceive. Plaintiff fails to allege facts establishing knowledge of falsity, intent to defraud, or reckless disregard for the truth as required to sustain a fraud claim.

12. Plaintiff cannot establish that Defendant Hart, himself, caused the alleged nonpayment of wages or damages. Compensation decisions, payroll administration, and ultimate financial control resided with Defendant Michigan Health Clinics, P.C., and its owner Defendant David Stockman, not Defendant Hart.

13. Plaintiff failed to take reasonable steps to mitigate his alleged damages, thereby reducing or barring any recovery.
14. Punitive damages are not recoverable for breach of contract and are not warranted for fraud where Plaintiff fails to plead malice, reckless indifference, or egregious misconduct attributable to Defendant Hart.
15. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations, including but not limited to claims sounding in fraud and breach of contract.
16. Plaintiff has failed to plead facts sufficient to establish joint and several liability as to Defendant Hart.
17. Defendant Hart reserves the right to assert additional defenses that may become available through discovery or further factual development.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Brian Hart respectfully requests this Honorable Court enter an Order dismissing the above-entitled litigation and awarding this Defendant his costs and attorney fees so wrongfully incurred.

Dated: January 8, 2026

Respectfully submitted,

BRIAN HART

Pro Se Attorney for Defendant Hart
3684 Lamplighter Dr.
Saginaw, MI 48603