**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| KISHORE JAYAKUMAR,<br>Plaintiff,<br>v.<br>MICHIGAN HEALTH CLINICS, P.C., DAVID STOCKMAN, MAGDALENA PEREZ, and BRIAN HART,<br>Defendants. | Case No. 1:26-cv-11779<br>Hon. Michael C. Martin<br>Mag. Judge Patricia T. Morris |
| JENNIFER PENNING,<br>Consolidated Defendant.<br>_____________________________/ | No. 1:26-cv-13091 |

**DAVID STOCKMAN'S MOTION FOR AN ORDER TO SHOW CAUSE, DISMISSAL OF THE CONSOLIDATED ACTION WITH PREJUDICE AS A SANCTION, AND A LIMITED FILING RESTRICTION**

Defendant David Stockman, appearing pro se only for himself, moves for an order directing Plaintiff Kishore Jayakumar and his counsel to show cause why their conduct in this litigation should not result in sanctions. He asks the Court, after notice and an opportunity to respond, to dismiss the consolidated action with prejudice for bad-faith multiplication of one alleged RVU claim and to impose a narrowly limited filing restriction under E.D. Mich. LR 5.2. In the alternative or independently, he seeks dismissal of the individual claims against him under Rules 12(b)(6) and 9(b), and resolution of the service and default

disputes before any default judgment.

The brief and original-file exhibits document improper D.C. venue, the expanded pleading, two MHC default requests, and the separate Penning suit for the same RVU loss. See Exs. A–I.

**Relief requested**

Stockman requests an order requiring Plaintiff and counsel to show cause, within a time set by the Court, why the expanded amended complaint, successive MHC default requests on different pleadings, and separate Penning suit over the same asserted RVU loss do not warrant sanctions. After their response, he requests (1) dismissal with prejudice of the consolidated action as a sanction, upon findings concerning bad faith, prejudice, and lesser measures; (2) designation of Jayakumar as a vexatious litigant and a limited leave-of-court requirement under LR 5.2, upon notice and findings; (3) any caused excess costs against counsel justified under 28 U.S.C. § 1927; (4) dismissal of the individual claims against Stockman under Rules 12(b)(6) and 9(b); and (5) resolution of service and default objections before any default judgment. He asks for prompt consideration of the show-cause request. Stockman signs for himself alone.

On November 20, 2026, Stockman requested concurrence from Plaintiff's counsel by email concerning this motion. Counsel had not responded as of filing,

and concurrence was not obtained.

Dated: November 20, 2026
Respectfully submitted,
/s/ David Stockman

David Stockman, M.D., Defendant Pro Se, individually
3871 Fortune Boulevard
Saginaw, Michigan 48603
(989) 341-3017
dstockma4@icloud.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| KISHORE JAYAKUMAR,<br>Plaintiff,<br>v.<br>MICHIGAN HEALTH CLINICS, P.C., DAVID STOCKMAN, MAGDALENA PEREZ, and BRIAN HART,<br>Defendants. | Case No. 1:26-cv-11779<br>Hon. Michael C. Martin<br>Mag. Judge Patricia T. Morris |
| JENNIFER PENNING,<br>Consolidated Defendant.<br>______________________________/ | No. 1:26-cv-13091 |

**BRIEF IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE, DISMISSAL, AND LIMITED FILING RESTRICTION**

**Questions presented**

Whether the amended complaint states an individual contract or fraud claim against Stockman when its written agreement names MHC as the employer; whether pursuit of the same alleged RVU injury through an expanded complaint, successive corporate default requests, and a second suit warrants dismissal of the entire consolidated action with prejudice as a sanction; and whether Jayakumar should be designated a vexatious litigant subject to a narrow prefiling restriction after notice and findings.

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

E.D. Mich. LR 5.2 (limited filing restriction upon a pattern of repetitive, frivolous, or vexatious cases).

Wasserman v. Beggs, No. 25-3793, slip op. at 7–8 (6th Cir. Oct. 27, 2026) (notice, record, findings, and narrow tailoring).

Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991) (inherent authority to address bad-faith abuse).

Carpenter v. City of Flint, 723 F.3d 700, 704–06 (6th Cir. 2013) (dismissal factors).

Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646–47 (6th Cir. 2006) (28 U.S.C. § 1927).

## I. THE PROCEDURAL HISTORY

1. Jayakumar sued MHC and Stockman in the District of Columbia on June 26, 2024. His single count invoked the D.C. Wage Payment and Collection Law and demanded about $576,185, using an asserted $142,369.20 wage shortfall and statutory multipliers. He alleged that all relevant services were performed from D.C. D.D.C. ECF No. 1 ¶¶ 9–16, 28–34 and Prayer. Stockman answered on August 26, 2024. ECF No. 5. The original complaint is Exhibit A.

2. On September 11, 2024, Jayakumar obtained a clerk's entry of default against MHC alone. ECF Nos. 6–7. The service return identifies a person called "Jen J." at the office of MHC's then-identified registered agent; it does not attach her agency appointment. ECF No. 4. The entry was not a judgment. After the parties agreed to mediation, the D.C. court referred and stayed the entire matter from November 13, 2024 through February 14, 2025. ECF No. 11. The service and first default records are Exhibit F; the mediation order is Exhibit G.

3. Jayakumar amended on October 14, 2025. He added Hart and Perez and added breach of contract and fraud claims against every defendant, while alleging the same physician services and a revised $131,472.60 wage balance plus multipliers and punitive damages. ECF No. 18 ¶¶ 21, 39, 67–86. The attached agreement identifies MHC and Jayakumar as its parties and provides $60 per net RVU; it also contains a Michigan licensure condition. ECF No. 18-1, arts. 1–2. The certificate at ECF No. 18, p. 12 reports ordinary USPS mailing to Stockman, described both individually and as MHC's agent; it does not itself establish Rule 4 corporate service of the newly asserted claims on the defaulted corporation. Stockman challenged the amendment on November 7.

ECF No. 20. The amended pleading and agreement are Exhibit B; his filed challenge is Exhibit I.

4. Plaintiff sought new summonses for Hart and Perez, later filed returns as to them, and sought a stay as to Perez. ECF Nos. 23–24, 34, 36–37. On January 5, 2026, Plaintiff requested a second MHC default, relying on first-class mail, while Stockman's challenge to the amended pleading remained pending. The clerk entered the second MHC default on January 7. ECF Nos. 38–39. Hart answered the amended complaint. ECF No. 41. Neither default names Stockman, Hart, Perez, or Penning. Service and the effect of amendment are addressed in Stockman's separate motion to vacate both MHC entries. The source default records are Exhibit F.

5. On May 20, 2026, the D.C. court held D.C. venue improper for the three individual defendants and transferred their claims under 28 U.S.C. § 1406(a). It transferred MHC's claims under § 1404(a) for convenience and judicial economy. The court did not dismiss the action; it treated the 2025 amended complaint as operative. ECF No. 46 at 2–3, 9–15. The ruling confirms that D.C. was an improper venue for the individual claims. Stockman argues that filing and maintaining those claims there, then expanding the case against

additional Michigan personnel while pursuing repeated defaults, was part of a deliberate pressure strategy and is evidence of bad faith when considered with the full course of conduct. The transfer order is Exhibit C.

6. On August 28, 2026, Jayakumar filed No. 1:26-cv-13091 against Jennifer Penning. That complaint expressly identifies this earlier case as related and states it arises from the same transaction. Its asserted injury again includes the $131,472.60 wage balance and alleged loss from the same MHC employment. No. 1:26-cv-13091, ECF No. 1 at PageID.1–2, 6–7, 10–13. The Penning claims are fraud and negligent misrepresentation, not a second claim on the written contract. The court consolidated the actions on September 15, 2026. E.D. Mich. ECF No. 8 at PageID.15. The second filing forced another defendant to respond to the same asserted wage loss. Later consolidation did not erase that burden; it underscores the common transaction and the needless multiplication Stockman asks the Court to sanction. The Penning complaint is Exhibit D and the consolidation order is Exhibit H.

7. On October 26, 2026, the Michigan court ordered the parties to refile prior responses, motions, affidavits, and default entries by November 20, and directed Plaintiff to file a certificate of service on Penning. ECF No. 8 at

PageID.15–16. The order describes the original filing history; it did not validate either default or adjudicate the individual claims. The service directive itself confirms that service was a live issue; Stockman asks the Court to resolve it from filed proof before permitting any default proceedings against Penning. The order directing refiling is Exhibit E.

## II. THE CLAIMS AGAINST STOCKMAN SHOULD BE DISMISSED

The written physician agreement binds MHC and Jayakumar, not Stockman. ECF No. 18-1 at 1. The amended complaint alleges that Stockman discussed compensation and controlled MHC, but identifies no personal guarantee or contract he signed in his own name. ECF No. 18 ¶¶ 7, 11–17, 45–49, 74–79. Under Michigan law, veil piercing requires a showing that the corporation was a mere instrumentality, was used to commit a fraud or wrong, and caused an unjust loss. Hartford Underwriters Ins. Co. v. Otto, No. 23-1318, slip op. at 4–8 (6th Cir. Dec. 13, 2023). Labels about control and ownership do not by themselves establish those elements. Dismiss Count II as to Stockman, without adjudicating a reconciled MHC contract balance.

The fraud count repeats alleged promises that MHC would pay the agreed RVU

compensation and later assurances that payments were forthcoming. ECF No. 18 ¶¶ 80–86. Rule 9(b) requires the circumstances of fraud to be pleaded with particularity; Michigan law distinguishes a future contractual promise from an actionable misstatement of existing fact, subject to an adequately pleaded present intent not to perform. Cook v. Little Caesar Enters., Inc., 210 F.3d 653, 658–59 (6th Cir. 2000). The pleading alleges intent in conclusory terms and does not identify a separate loss from Stockman's supposed fraud beyond the same wages. Dismiss Count III as to Stockman or require a more definite, particularized pleading.

Count I depends on disputed work-location facts. The complaint says the work was performed in D.C.; Stockman contends Jayakumar worked from Virginia while treating Michigan patients. ECF No. 18 ¶¶ 19–20. The employer was a Michigan corporation, and the D.C. court found Michigan's payment decisions and records central to the case. ECF No. 46 at 10–14. The Court should require contemporaneous encounter locations, remote-access logs, the applicable employment and licensing records, and a legal showing that the D.C. wage statute applies. The court should not treat Stockman's contested location account as an adjudicated fact on a pleading motion. Nor does the transfer ruling itself

defeat the D.C. wage count.

Stockman acknowledges an amount due under the physician agreement but disputes Jayakumar's total. The obligation to pay that amount is MHC's. The agreement uses net RVUs, not merely gross charges. Stockman contests entries for services for which payment was never received and complexity coding he says lacks clinical support. ECF No. 18-1, art. 2; No. 1:26-cv-13091, ECF No. 1 ¶¶ 15–31 (Plaintiff's description of the same RVU calculation). The challenged entries require encounter-level coding, notes, payer remittances and denials, adjustments, and credits. The agreement also requires Michigan licensure as specified in its article 1. The existing record does not prove an absence of authorization; Plaintiff should document the license and dates for the services claimed. These issues warrant an accounting and focused discovery, not a predetermined damages figure or a presumption of improper billing.

**III. THE RECORD SUPPORTS A FINDING OF BAD FAITH**

Jayakumar has pursued one asserted wage loss through the original D.C. complaint, an expanded amended complaint against additional MHC personnel, two MHC default requests on different pleadings, and a separate Penning action based expressly on the same employment transaction. The actions are now

consolidated. No party should recover the same wage amount multiple times under wage, contract, and fraud labels or from successive individual defendants. The Court can require a single damages ledger, the identity and legal basis of each defendant's alleged duty, and an election or credit mechanism before judgment. It can also decide pending service and pleading motions before default-judgment proceedings continue.

The additions, serial default requests, and separate suit crossed into abusive multiplication. Stockman asks the Court to find that this pattern was undertaken in bad faith, not as a good-faith effort to collect separate losses. Section 1927 reaches counsel whose objectively unreasonable conduct causes excess proceedings and costs; it requires more than negligence. Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646–47 (6th Cir. 2006). The Court's inherent power permits sanctions for bad-faith abuse but demands restraint and a supported finding. Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991). Stockman asks for a show-cause order identifying the amendments, repeated default requests, and separate Penning filing, followed by findings that this conduct was in bad faith and caused needless proceedings and costs. He requests an itemized cost award only upon a supported finding; he does not claim

attorney fees for his own pro se time.

Stockman requests dismissal with prejudice of the entire consolidated action as the sanction for a finding that Jayakumar deliberately multiplied proceedings over one claimed RVU loss, imposed unnecessary pleading and default motion practice on multiple defendants, and cannot be adequately restrained by a lesser measure. The Court should make express findings on fault, prejudice, warning, and lesser sanctions. Carpenter v. City of Flint, 723 F.3d 700, 704–06 (6th Cir. 2013). The Sixth Circuit reserves dismissal with prejudice for egregious conduct, including willful misconduct, bad faith, fraud, or contempt. James v. Caterpillar, Inc., No. 19-1800, slip op. at 2 (6th Cir. Aug. 20, 2020). Stockman asks for an expedited show-cause response and prompt final ruling. Meanwhile, the Court can dismiss legally deficient individual claims and prevent judgment on disputed corporate defaults.

## IV. JAYAKUMAR SHOULD BE DESIGNATED A VEXATIOUS LITIGANT

Stockman asks the Court to designate Jayakumar a vexatious litigant and impose a leave-of-court requirement under LR 5.2 for any new suit against MHC personnel seeking the same 2023–24 employment and RVU loss. LR 5.2 requires

a pattern of repetitive, frivolous, or vexatious cases. Wasserman v. Beggs, No. 25-3793, slip op. at 7–8 (6th Cir. Oct. 27, 2026), requires notice, a reviewable list of cases and motions, substantive findings, and narrow tailoring. The identified record comprises the 2024 D.C. action, the 2025 amended complaint adding individuals and claims, two corporate default requests on different pleadings, and the 2026 Penning action expressly based on the same transaction. This course of conduct shows repetitive pursuit of one injury against an expanding roster of individuals. Stockman asks the Court to find a vexatious pattern under LR 5.2 after receiving Jayakumar's response. The proposed restriction reaches only future attempts to relitigate this same alleged RVU loss against MHC personnel, and permits a legitimate filing upon prior leave.

A party-initiated Rule 11 motion must be served separately and withheld from filing for 21 days to allow correction. Fed. R. Civ. P. 11(c)(2); Jodway v. Orlans, P.C., No. 18-1492, slip op. at 11–14 (6th Cir. 2019). This motion seeks case-management relief, dismissal, and a show-cause hearing under the Court's inherent authority, § 1927 as to counsel, and LR 5.2. It is not presented as a completed Rule 11 sanctions motion.

**CONCLUSION**

Stockman asks the Court to dismiss the entire consolidated action with prejudice as a sanction and designate Jayakumar a vexatious litigant subject to the described limited prefiling restriction. The Court should give notice and an expedited opportunity to respond, then make findings on bad faith, prejudice, lesser sanctions, the identified pattern, and narrow tailoring. Stockman also asks for dismissal of the claims against him individually, resolution of pending service and default objections before any judgment, and any caused costs against responsible counsel justified under § 1927.

Dated: November 20, 2026
/s/ David Stockman
David Stockman, M.D., Defendant Pro Se, individually
3871 Fortune Boulevard
Saginaw, Michigan 48603
(989) 341-3017
dstockma4@icloud.com